IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:                                        :        Chapter 11
                                              :
BADANCO ACQUISITION LLC                       :        Case No. 09-11638 (CSS)
a Delaware Limited Liability Company, et al.,[1]  :
                                              :        Jointly Administered
                             Debtors.         :
                                              :
------------------------------------------------------------x

## SCHEDULES OF ASSETS AND LIABILITIES

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Badanco Acquisition LLC (1700), Randa Luggage Inc. (f/k/a Badanco Enterprises, Inc.) (1110), and Randa Luggage Holdings Corp. (f/k/a Badanco Parent Company, Inc.) (1054). The mailing address for each of the Debtors is 994 Riverview Drive, Totowa, New Jersey 07512.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
In re:                                    :    Chapter 11
                                          :
BADANCO ACQUISITION LLC                   :    Case No. 09-11638 (CSS)
a Delaware Limited Liability Company, et al.,¹ :
                                          :    Jointly Administered
                    Debtors.              :
                                          :
-------------------------------------------------------x
```

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and SOFAs") filed by Badanco Acquisition LLC, a Delaware limited liability company, and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtors' management and are unaudited.

In preparing the Schedules and SOFAs, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. While those members of management responsible for the preparation of the Schedules and SOFAs have made a reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and SOFAs that may warrant amendment of the same. Moreover, because the Schedules and SOFAs contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and SOFAs are complete or accurate. These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Schedules and Statements (the "Global Notes") comprise an integral part of the Schedules and SOFAs and should therefore be referred to and considered in connection with any review of them.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Badanco Acquisition LLC (1700), Randa Luggage Inc. (f/k/a Badanco Enterprises, Inc.) (1110), and Randa Luggage Holdings Corp. (f/k/a Badanco Parent Company, Inc.) (1054). The mailing address for each of the Debtors is 994 Riverview Drive, Totowa, New Jersey 07512.

1.    <u>Case</u>.  On May 11, 2009 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.    <u>Reporting Date</u>.  Financial information for the Debtors is, unless otherwise noted herein or the Schedules and SOFAs, provided as of the Petition Date.

3.    <u>Amendments</u>.  The Debtors reserve their rights to amend the Schedules and SOFAs in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and SOFAs as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

4.    <u>Estimates and Assumptions</u>.  The preparation of the Schedules and SOFAs requires the Debtors to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and SOFAs, and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

5.    <u>Pre-petition v. Post-Petition</u>.  The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on information from research that was conducted in connection with the preparation of the Schedules and SOFAs.  As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

6.    <u>GAAP</u>.  Given the difference between the information requested in the Schedules and SOFAs, and the financial information utilized under generally accepted accounting principles in the United States ("<u>GAAP</u>"), the aggregate asset values and claim amounts set forth in the Schedules and SOFAs do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7.    <u>Asset Values</u>.  It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtors' property interests. Accordingly, to the extent that any asset value is listed herein, and unless otherwise noted therein, net book values rather than current market values of the Debtors' property interests are reflected in the applicable Schedule. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

8.    <u>Intercompany Transfers</u>.  Because of the Debtors' consolidated cash management system, certain of the information set forth in the Schedules and SOFAs may not accurately reflect payments by an affiliated Debtor on behalf of another Debtor.

2

9.     <u>Challenge of Liens</u>.  Except as otherwise agreed in accordance with a stipulation, consent or agreed order or any other order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or to challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided on Schedule D are intended only to be a summary.  Reference to the applicable documents, including, without limitation, any credit agreements, security agreements, other granting instruments and related documents, is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing herein or in the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements.

10.     <u>Setoff or Recoupment Rights</u>.  The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights.

11.     <u>Bankruptcy Court Orders</u>.  Pursuant to various orders (collectively, the "<u>First Day Orders</u>") entered by the Bankruptcy Court, the Debtors were authorized to pay certain outstanding pre-petition claims, including, without limitation, certain claims of employees for wages, salaries and benefits, certain tax claims and certain claims of critical vendors, shippers and warehousemen.  However, despite the Debtors' best efforts to account for the satisfaction of such claims pursuant to the First Day Orders, the claims listed in the Schedules and SOFAs may not reflect amounts paid pursuant to these various First Day Orders as they were unpaid as of the Petition Date.  Moreover, to the extent such a claim is listed on the Schedules and SOFAs, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and SOFAs and/or subsequently object to such claims.

12.     <u>Ordinary Course of Business</u>.  In the ordinary course of the Debtors' business operations, credits are applied against amounts otherwise due from customers.  These credits arise because of, among other things, certain customers receive allowances for, among other things, advertising, recovery of the costs of returned and/or damaged goods, freight, and product discounts which are credited against the Debtors' invoices.  Certain of these credits are subject to change.  Any customer claims are listed at the amounts entered on the Debtors' books and records, which may reflect credits or allowances due from the Debtors to such creditors.  The Debtors reserve all of their rights with respect to such credits and allowances.

13.     <u>Executory Contracts and Unexpired Leases</u>.  While every reasonable effort has been made by the Debtors to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.  Certain of the leases and contracts listed on Schedule G may contain

certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments, letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including, without limitation, the characterization of any lease as an unexpired non-residential real property lease. Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

14. <u>Causes of Action</u>. The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and SOFAs. However, the Debtors reserve all of their causes of action. Neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such cause of action. Furthermore, nothing contained in the Schedules and SOFAs shall constitute a waiver of rights with respect to these chapter 11 cases, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

15. <u>Insiders</u>. In the circumstances where the Schedules and SOFAs require information regarding insiders and/or officers and directors, included therein are each of the Debtors' (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control). The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

16. <u>Disputed, Contingent and/or Unliquidated Claims</u>. Schedules D, E, and F permit the Debtors to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and SOFAs as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The

Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and SOFAs as to amount, liability, or status.

17.     Summary of Specific Schedule Issues.

a.     Schedule E.

- The Bankruptcy Court has approved the payment of certain unsecured claims against the Debtors, including, without limitation, certain claims of employees for wages, salaries and benefits and certain tax claims which arose prior to the Petition Date. Accordingly, Schedule E does not include any prepetition amounts owed but satisfied pursuant to such orders.

- The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve any and all rights to take the position that any claim or creditor listed on Schedule E is not entitled to priority treatment.

b.     Schedule F.

- The Bankruptcy Court has approved the payment of certain unsecured pre-petition claims, including, without limitation, certain claims of critical vendors, shippers and warehousemen which arose prior to the Petition Date. Accordingly, Schedule F does not include any prepetition amounts owed but satisfied pursuant to such orders.

- The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential litigation, if any, listed in question 4(a) of the applicable Debtor's SOFA as contingent, unliquidated and disputed claims, to the extent not already listed on Schedule F.

- The Debtors utilize a consolidated cash management and accounts payable systems which is administered by Randa Luggage Inc. As such, most of the creditors for all of the Debtors will appear on the Schedules of Randa Luggage Inc., notwithstanding the fact that certain of those obligations may be obligations of one or more of the Debtors.

18. <u>Summary of Specific SOFA Issues</u>.

a. <u>SOFA Question 3b</u>.

- The Debtors have scheduled known payments to creditors aggregating more than $5,475 that were made during the ninety (90) days prior to the Petition Date other than ordinary course wages to non-insider employees.

- The Debtors use a consolidated cash management system and the obligations of the Debtors are paid by and through Randa Luggage, Inc., notwithstanding the fact that certain of those obligations may be obligations of one or more of the Debtors. Accordingly, the response to Question 3b of Randa Luggage, Inc. should be reviewed for a complete list of payments to creditors aggregating more than $5,475 that were made during the ninety (90) days prior to the Petition Date.

b. <u>SOFA Question 3c</u>. Payments, if any, to any insiders of each Debtor are included among the payments listed in response to SOFA Question 3c of Randa Luggage, Inc.

c. <u>SOFA Question 4</u>. The Debtors have made every effort to include in their responses a complete list of all suits and proceedings to which they were a party within the one (1) year immediately preceding the Petition Date. To the extent the Debtors become aware that hey have omitted any suits or proceedings, they will amend their SOFAs.

d. <u>SOFA Question 9</u>. The obligations of the Debtors are paid by and through Randa Luggage, Inc. Accordingly, the payments related to debt or bankruptcy counseling appear only in the response to SOFA Question 9 of Randa Luggage, Inc.

e. <u>SOFA Question 13</u>. In the ordinary course of the Debtors' business, the Debtors and their customers set-off mutual obligations in the ordinary course of business and pursuant to trade terms agreed upon by the parties which include, but are not limited to, allowances for, among other things, advertising, recovery of the costs of returned and/or damaged goods, freight, and product discounts. The Debtors have not included any set-off made by their creditors which was made in the ordinary course of business and pursuant to the trade terms between the Debtors and such creditor.

f. <u>SOFA Question 14</u>. In the ordinary course of their business, the Debtors lease equipment from certain third-party lessors for use in the daily

DB02:8284534.1                                                                                                    068210.1001

operation of their business and otherwise hold property owned by third-parties pursuant to contracts and leases with such parties. Any such leases or contracts are set forth in Schedule G. The property subject to any such leases or contracts is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors. Neither is the property subject to any such leases or contracts reflected in the Debtors' SOFAs as property or assets of third-parties within the control of the Debtors. Nothing in the Schedules or SOFAs is or shall be construed as an admission or determination as to the legal status of any lease (including, but not limited to, whether any lease is a true lease or a financing arrangement) or contract (including, but not limited to, whether the contract is, in fact, an executory contract), and the Debtors reserve all rights with respect to any such issues.

**\* \* \* END OF GLOBAL NOTES \* \* \***

DB02:8284534.1                                          068210.1001

# United States Bankruptcy Court

## District of Delaware

In re  Badanco Acquisition LLC
         Debtor

Case No.  09-11638 (CSS)

Chapter  11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 3 | $ 0.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 39,500,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtors(s) | Yes | 1 | | | $ 0.00 |
| TOTAL | | 13 | $ 0.00 | $ 39,500,000.00 | |

# United States Bankruptcy Court

### District of Delaware

In re  Badanco Acquisition LLC_____ ,
  Debtor

Case No.  09-11638 (CSS)_____

Chapter  11_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4.  Total from Schedule F | | $ |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

In re   Badanco Acquisition LLC                    ,          Case No.   09-11638 (CSS)
                    **Debtor**                                            **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | Total▶ | 0.00 |

(Report also on Summary of Schedules.)

In re  Badanco Acquisition LLC _____,        Case No.  09-11638 (CSS) _____
               **Debtor**                                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other finan- cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home- stead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public util- ities, telephone companies, land- lords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photo- graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

In re  Badanco Acquisition LLC                    ,          Case No.  09-11638 (CSS)
              **Debtor**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100% ownership of common stock of Randa Luggage Holdings Corp., 994 Riverview Drive, Totowa, NJ 07512 | | Unknown |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |

In re  Badanco Acquisition LLC                          ,          Case No.  09-11638 (CSS)
_____                    _____
                **Debtor**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____0_____ continuation sheets attached     Total ► | $           0.00

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

In re  Badanco Acquisition LLC                    ,          Case No.  09-11638 (CSS)
_____                                          _____
**Debtor**                                                  **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $136,875.
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| None | | | |

B 6D (Official Form 6D) (12/07)

In re  Badanco Acquisition LLC                  ,     Case No.  09-11638 (CSS)
                    Debtor                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Adnar Finance LLC 120 West 45th Street, 38th Floor New York, NY 10035 | X | | Credit Agreement dated as of January 24, 2007, as amended, supplemented and modified from time to time | X | | | $22,000,000.00 | Unknown |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. Gladstone Business Loan, LLC 1521 Westbranch Drive, Suite 200 McClean, VA 22102  Roynat Business Capital 40 King Street West, 26th Floor Toronto, ON M5H 1H1 | X | | Credit Agreement dated as of January 24, 2007, as amended, supplemented and modified from time to time | X | | | $17,500,000 | Unknown |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

  0   continuation sheets
      attached

|  | | | Subtotal ▶ (Total of this page) | | | | $ 39,500,000.00 | $ Unknown |
|---|---|---|---|---|---|---|---|---|
| | | | Total ▶ (Use only on last page) | | | | $ 39,500,000.00 | $ Unknown |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

In re  Badanco Acquisition LLC _____ ,    Case No. 09-11638 (CSS) _____
            **Debtor**    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

B 6E (Official Form 6E) (12/07) – Cont.

In re  Badanco Acquisition LLC                    ,    Case No.  09-11638 (CSS)
                        **Debtor**                                      **(if known)**


☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


☐ **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).


☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).


☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).


* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.


_0_  continuation sheets attached

In re __Badanco Acquisition LLC_____ ,  Case No. __09-11638 (CSS)_____
             **Debtor**                                                         **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☑ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | Subtotal▶ | | | | $      0.00 |

__0__ continuation sheets attached

Total▶   $      0.00
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re  Badanco Acquisition LLC                    ,     Case No.  09-11638 (CSS)
                    **Debtor**                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

In re  Badanco Acquisition LLC_____ ,        Case No.  09-11638 (CSS)_____
          **Debtor**                                                    **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Randa Luggage Holdings Corp. and Randa Luggage Inc.<br>994 Riverview Drive<br>Totowa, NJ 07512 | Adnar Finance LLC<br>120 West 45th Street, 38th Floor<br>New York, NY 10035 |
| Randa Luggage Holdings Corp. and Randa Luggage Inc.<br>994 Riverview Drive<br>Totowa, NJ 07512 | Gladstone Business Loan, LLC<br>1521 Westbranch Drive, Suite 200<br>McClean, VA 22102<br><br>Roynat Business Capital<br>40 King Street West, 26th Floor<br>Toronto, ON M5H 1H1 |

In re  Badanco Acquisition LLC                    ,     Case No.  09-11638 (CSS)
          **Debtor**                                                          **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| **Employment:** DEBTOR | | SPOUSE |
| Occupation | | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

|  | DEBTOR | SPOUSE |
|---|---|---|
| | $_____ | $_____ |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $_____ | $_____ |
| 2. Estimate monthly overtime | | |
| 3. SUBTOTAL | $_____ | $_____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $_____ | $_____ |
|    b. Insurance | $_____ | $_____ |
|    c. Union dues | $_____ | $_____ |
|    d. Other (Specify): _____ | $_____ | $_____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $_____ | $_____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $_____ | $_____ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $_____ | $_____ |
| 8. Income from real property | $_____ | $_____ |
| 9. Interest and dividends | $_____ | $_____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $_____ | $_____ |
| 11. Social security or government assistance (Specify):_____ | $_____ | $_____ |
| 12. Pension or retirement income | $_____ | $_____ |
| 13. Other monthly income (Specify):_____ | $_____ | $_____ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $_____ | $_____ |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $_____ | $_____ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $_____ | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_____

**B6J (Official Form 6J) (12/07)**

In re _Badanco Acquisition LLC_____ ,      Case No. _09-11638 (CSS)_____
            **Debtor**                                            **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐    Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $_____ |
|     a. Are real estate taxes included? Yes _____ No _____ | | |
|     b. Is property insurance included? Yes _____ No _____ | | |
| 2. Utilities:   a. Electricity and heating fuel | | $_____ |
|            b. Water and sewer | | $_____ |
|            c. Telephone | | $_____ |
|            d. Other _____ | | $_____ |
| 3. Home maintenance (repairs and upkeep) | | $_____ |
| 4. Food | | $_____ |
| 5. Clothing | | $_____ |
| 6. Laundry and dry cleaning | | $_____ |
| 7. Medical and dental expenses | | $_____ |
| 8. Transportation (not including car payments) | | $_____ |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $_____ |
| 10. Charitable contributions | | $_____ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|      a. Homeowner's or renter's | | $_____ |
|      b. Life | | $_____ |
|      c. Health | | $_____ |
|      d. Auto | | $_____ |
|      e. Other _____ | | $_____ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | $_____ |
| (Specify) _____ | | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|      a. Auto | | $_____ |
|      b. Other _____ | | $_____ |
|      c. Other _____ | | $_____ |
| 14. Alimony, maintenance, and support paid to others | | $_____ |
| 15. Payments for support of additional dependents not living at your home | | $_____ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $_____ |
| 17. Other _____ | | $_____ |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $_____ |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:


20. STATEMENT OF MONTHLY NET INCOME
     a. Average monthly income from Line 15 of Schedule I             $_____
     b. Average monthly expenses from Line 18 above             $_____
     c. Monthly net income (a. minus b.)                         $_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
BADANCO ACQUISITION LLC                         :    Case No. 09-11638 (CSS)
a Delaware Limited Liability Company, et al.,¹  :
                                                :    Jointly Administered
                       Debtors.                 :
                                                :
---------------------------------------------------------x
```

## DECLARATION CONCERNING DEBTORS'
## SCHEDULES OF ASSETS AND LIABILITIES

I, John H. Karch, the Vice President of Finance of the debtors and debtors in

possession in the above-captioned cases, declare under penalty of perjury that I have read the

foregoing Schedules of Assets and Liabilities, and that they are true and accurate to the best of

my knowledge, information and belief.

Date:   June 23, 2009
        Totowa, New Jersey

John H. Karch
Vice President of Finance

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
Badanco Acquisition LLC (1700), Randa Luggage Inc. (f/k/a Badanco Enterprises, Inc.) (1110), and Randa Luggage
Holdings Corp. (f/k/a Badanco Parent Company, Inc.) (1054). The mailing address for each of the Debtors is 994
Riverview Drive, Totowa, New Jersey 07512.