IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
BADANCO ACQUISITION LLC                             : Case No. 09-11638 (CSS)
a Delaware Limited Liability Company, et al.,[1]    :
                                                    : Jointly Administered
                    Debtors.                        :
                                                    : **Objection Deadline: September 21, 2009 at 4:00 p.m. (ET)**
                                                    : **Hearing Date: September 28, 2009 at 12:30 p.m. (ET)**
------------------------------------------------------------- x

### DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105(a) AND 1112(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 1017(a), DISMISSING THEIR CHAPTER 11 CASES

Badanco Acquisition LLC, a Delaware limited liability company, and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the dismissal of their chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

### INTRODUCTION AND JURISDICTION

1.  On May 11, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Badanco Acquisition LLC (1700), Randa Luggage Inc. (f/k/a Badanco Enterprises, Inc.) (1110), and Randa Luggage Holdings Corp. (f/k/a Badanco Parent Company, Inc.) (1054). The mailing address for each of the Debtors is 994 Riverview Drive, Totowa, New Jersey 07512.

2. On May 20, 2009, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 1112(b) of the Bankruptcy Code, along with Bankruptcy Rule 1017(a).

## BACKGROUND

4. On the Petition Date, the Debtors filed a motion [Docket No. 16] requesting the Court to enter an order approving, among other things, certain bidding procedures (the "Bidding Procedures") in connection with the Debtors' proposed going concern sale ("Sale") to Adnar Finance LLC ("Adnar") pursuant to the terms and conditions of that certain Asset Purchase Agreement (the "APA") by and between Adnar and Debtor Randa Luggage Inc. On June 3, 2009, this Court entered an order [Docket No. 106] approving the Bidding Procedures and scheduled a hearing to consider approval of the Sale for July 29, 2009. Because the Debtors did not receive a Qualified Bid pursuant to the Bidding Procedures, the Court-approved auction was cancelled and Adnar's bid was deemed the successful bid.

5. By order dated July 29, 2009 [Docket No. 196], this Court approved the Sale to Adnar, and the Sale closed (the "Closing") on July 30, 2009. Subsequent to the Closing, the Debtors no longer conduct any business operations.

2

## RELIEF REQUESTED

6. By this Motion, the Debtors respectfully request the Court to enter an order, pursuant to sections 105(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017(a), dismissing their chapter 11 cases.[2]

## BASIS FOR RELIEF REQUESTED

7. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11 of the Bankruptcy Code]." 11 U.S.C. § 105(a).

8. Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested . . . dismissal is not in the best interests of creditors and the estate, the court shall . . . dismiss a case under [chapter 11 of the Bankruptcy Code] . . . if the movant establishes cause." Id. at § 1112(b)(1). The determination of cause and the decision to dismiss a chapter 11 bankruptcy case pursuant to section 1112(b) rests within the sound discretion of the court. See In re Nugelt, Inc., 142 B.R. 661, 665 (Bankr. D. Del. 1992) (stating that "[c]ourts have wide latitude in determining whether cause exists to convert or dismiss" a chapter 11 bankruptcy case); In re Young, 76 B.R. 376, 378 (Bankr. D. Del. 1987).

9. Section 1112(b)(4) of the Bankruptcy Code provides a litany of statutory examples of "cause" for dismissal or conversion of a chapter 11 case, including the "absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4). However, a bankruptcy court

---

[2] Alternatively, the Debtors seek dismissal of these chapter 11 cases under section 305(a) of the Bankruptcy Code, which provides, in relevant part, that "[t]he court, after notice and a hearing, may dismiss a case under [chapter 11 of the Bankruptcy Code] ... at any time if – (1) the interests of creditors and the debtor would be better served by such dismissal." 11 U.S.C. § 305(a)(1). As set forth more fully below, the dismissal of the Debtors' chapter 11 cases is in the best interests of the Debtors, their estates and creditors. Accordingly, the Debtors respectfully submit that the dismissal of these cases is also warranted under section 305(a) of the Bankruptcy Code.

3

DB02:8639242.1 068210.1001

is not constrained by those enumerated examples and may find "cause" based on the facts and circumstances of the particular chapter 11 case. See In re Nugelt, Inc., 142 B.R. at 665. The legislative history of section 1112(b) of the Bankruptcy Code also indicates that the list provided in sections 1112(b)(4)(A)-(P) of the Bankruptcy Code is nonexclusive, such that a bankruptcy court has the ability to dismiss a chapter 11 case for any reason cognizable to its equity powers. See H.R. Rep. No. 595, 95th Cong., 2d Sess. 405-06 (1978); see also Official Comm. of Unsecured Creditors v. Nucor Corp. (In re SGL Carbon Corp.), 200 F.3d 154, 160 (3d. Cir. 1999); Carolin Corp. v. Miller, 886 F.2d 693, 699 (4th Cir. 1993).

10. The Debtors submit that sufficient cause exists for the dismissal of their chapter 11 cases, as they have terminated their business operations and liquidated or disposed of all of their assets through these proceedings. As noted above, since the Petition Date, the Debtors have focused on preserving and maximizing the value of their estates for the benefit of their stakeholders. In furtherance of this goal, the Debtors sold substantially all of their operations and assets to Adnar pursuant to the terms and conditions of the APA. The consideration provided by Adnar for the Sale was a $16 million credit bid against its approximately $22 million secured claim against the Debtors' estates.

11. In connection with the Sale, Adnar assumed substantially all of the Debtors' operating liabilities, took an assignment of a majority of the Debtors' executory contracts and unexpired leases, and acquired all potential causes of action maintained by the Debtors under chapter 5 of the Bankruptcy Code, including preference actions. Additionally, Adnar reached a settlement with (i) the Committee resulting in Adnar's assumption of substantially all trade claims, and (ii) Badanco Holding Co. LLC ("Badanco Holding Company") regarding the Debtors' real property lease for their Totowa, New Jersey facility. As a result of

Adnar's settlements with the Committee and Badanco Holding Company, the Sale to Adnar proceeded on a consensual basis aside from the objection of Gladstone Capital Corporation, which this Court overruled. Subsequent to the closing of the Sale, the Debtors moved to reject those executory contracts and unexpired leases which they did not assume and assign to Adnar.

12. Based on the foregoing, the Debtors have determined, in their business judgment, that there is no reasonable likelihood of their rehabilitation and that they are unable to effectuate a chapter 11 plan of liquidation, as there are no funds available for distribution to unsecured creditors and no remaining assets to be liquidated or recovered for the benefit of these estates. In light of Adnar's successful credit bid, its settlement with the Committee and Badanco Holding Company, and its purchase of any causes of action arising out of the Debtors' business operations, including potential preference actions, there is no prospect for additional distributions to general unsecured creditors aside from those liabilities Adnar assumed pursuant to the APA. In addition, all or substantially all of the Debtors' employees have been employed or otherwise engaged by Adnar.

13. Furthermore, because they have no remaining assets, the Debtors submit that converting their chapter 11 cases to cases under chapter 7 of the Bankruptcy Code would only create unnecessary administrative expenses, with no prospect of recoveries, and is therefore unwarranted. Dismissing these chapter 11 cases, on the other hand, will eliminate the accrual of any administrative expense obligations and bring closure to these cases in a timely and efficient manner. Accordingly, the Debtors submit that sufficient cause exists to dismiss these chapter 11 cases, and that doing so is in the best interests of the Debtors' estates and creditors.

DB02:8639242.1                                    068210.1001

## NOTICE

14. Notice of this Motion will be provided to: (i) the United States Trustee; (ii) counsel to the Committee; (iii) the Debtors' prepetition lenders; (iv) the Debtors' post-petition lenders; and (v) all parties that have requested notice pursuant to Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware. Additionally, the Debtors intend to serve a one-page notice of the filing of this Motion upon all known creditors, as identified in the consolidated list of creditors filed by the Debtors on the Petition Date [Docket No. 2]. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as Exhibit A, dismissing their chapter 11 cases and granting such other and further relief to the Debtors as this Court deems just and proper.

Dated: Wilmington, Delaware
September 3, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Robert S. Brady

Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Kenneth J. Enos (No. 4544)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession